IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Wade, | C/A No. 6:24-cv-5771-JFA-KFM |
| Plaintiff, | |
| vs. | |
| Lt. Jermaine Burrison, | **ORDER** |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Tyrone Wade, ("Plaintiff") a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983 alleging Defendant violated his constitutional rights while housed at the Perry Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings. Thereafter, Defendant moved for summary judgment. (ECF No. 35).

After reviewing the motion and all responsive briefing, the Magistrate Judge assigned to this action prepared a thorough Report and Recommendation ("Report"). (ECF No. 41). Within the Report, the Magistrate Judge opines that Defendants' motion for summary judgment should be granted in part because Plaintiff failed to exhaust his administrative remedies. The Report further suggests that the court should decline to exercise jurisdiction over Plaintiff's remaining state claims. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those

1

facts and standards without a recitation. Plaintiff filed objections to the Report on November 17, 2025 (ECF No. 47) to which Defendant responded (ECF No. 48). Therefore, this matter is ripe for review.

## II.    LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation

to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation. Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). Additionally, all facts and inferences to be drawn therefrom are viewed in the light most favorable to the Plaintiff. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). The requirement of a liberal construction does not mean, however, that the court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that a court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson,* 699 F.3d 789, 797 (4th Cir.2012).

## III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Relevant here, the Magistrate Judge determined that Plaintiff filed initial grievances addressing the concerns in his complaint but failed to pursue those grievances as required to fully exhaust his administrative remedies.

When liberally construed, Plaintiff's filing contains a single specific objection to the Report. Within this objection, Plaintiff avers he filed initial grievances, but the prison took no further actions. Thus, Plaintiff argues he should not be punished for failing to exhaust. Plaintiff offers no admissible evidence in support of his claims. Even so, this argument was squarely addressed and rejected within the Report. Specifically, the Report stated "Plaintiff also contends he has documentation of RTSM forms submitted on April 22, 2024, and April 25, 2024, to which he did not receive responses. However, Plaintiff does not dispute his failure to appeal the IGC responses to McKie or her designee." (ECF No. 41, p. 8).

Thus, Plaintiff's alleged failure to receive responses did not alleviate him of his responsibility to appeal his related claims. Accordingly, the Report properly concludes the Plaintiff failed to exhaust his administrative remedies and his objection is overruled.

No party objected to the Report's additional conclusions that the court should decline to exercise supplemental jurisdiction over the remaining state law claims. The court has reviewed that portion of the report for clear error and finds no issue. Accordingly, that portion of the Report is adopted without objection.

## IV.    CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Plaintiff specifically objected, the Court hereby adopts the Reports and Recommendation. (ECF No. 41). Accordingly, Defendant's motion for summary judgment (ECF No. 35) is granted in part and denied in part.

Specifically, the court grants summary judgment as to Plaintiff's federal claims and dismisses those claims without prejudice based on Plaintiff's failure to exhaust administrative remedies. Further, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and denies Defendant's motion for summary judgment as to those claims. Lastly, Plaintiff's motion for voluntary dismissal (ECF No. 38) is denied as moot.

Plaintiff is cautioned to comply with the time limitations set forth in § 1367(d) if he wishes to pursue his claims in state court.

IT IS SO ORDERED.

December 16, 2025                         Joseph F. Anderson, Jr.
Columbia, South Carolina                 United States District Judge

5